[No. 6718.  Decided September 6, 1907.]

JOHN SHEA, *Respondent,* v. SEATTLE LUMBER COMPANY, *Appellant.*[1]

MASTER AND SERVANT—INJURIES—DEFECTIVE APPLIANCES—PROMISE TO REPAIR—CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTIONS FOR JURY. In an action by an employee for personal injuries sustained while cleaning a chute beneath an edger, with a defective appliance (a long stick), after complaint made and under a promise to provide a suitable appliance, the questions whether the plaintiff continued his work for an unreasonable time after the promise to repair, and whether he was guilty of contributory negligence, are for the jury, where it appears that the injury occurred within two days after the promise was given, and plaintiff had continued work relying upon the promise; that the stick used was provided for that purpose, plaintiff had seen others using it, and there was no evidence that a larger stick was available, and plaintiff testified that he used it with the utmost care; and that the plaintiff had no control over the machinery and it was not customary to stop the machinery while cleaning out the chute.

DAMAGES—INJURIES—EXCESSIVENESS. A verdict for $8,000 for the loss of the left arm, by a man 27 years of age, is not excessive.

Appeal from a judgment of the superior court for King county, Tallman, J., entered October 23, 1906, upon the verdict of a jury rendered in favor of the plaintiff, after a trial

[1]Reported in 91 Pac. 623.

on the merits, in an action by an employee in a mill to re-
cover for personal injuries sustained through the use of a
defective appliance. Affirmed.

*Richard S. Eskridge* (*Philip Tindall,* of counsel), for ap-
pellant.

*Martin J. Lund* and *Vince H. Faben,* for respondent.

CROW, J.—This action was brought by John Shea against
the Seattle Lumber Company, a corporation, to recover dam-
ages for personal injuries. From a judgment for $8,000 in
favor of the plaintiff, the defendant has appealed.

The appellant contends that the trial court erred, (1) in
refusing to take the case from the jury and enter judgment
at the close of respondent's evidence, and again at the close
of all the evidence; (2) in denying the appellant's motion for
judgment notwithstanding the verdict; and (3) in denying
appellant's motion for a new trial.

The sole question presented is whether the evidence sustains
the verdict and judgment. In passing on this question we
must consider the evidence in the light most favorable to the
respondent. The facts thus disclosed show that the respond-
ent had for two years been an employee in the appellant's
lumber and shingle mill in the city of Seattle. In the mill was
a certain edger machine provided with seven or eight circular
saws which were mounted on an axle or arbor. In front and
to the rear, rollers were used to convey lumber to the saws.
Beneath the edger was a chute for sawdust, splinters, bark,
and other refuse. In the lower portion of the chute was a grat-
ing through which sawdust and the smaller particles of refuse
passed. The grating and chute sometimes became clogged,
and it then became the duty of some employee to clear it by
pushing down the refuse material. Prior to the accident a
wooden stick about ten to twelve feet in length was used for
this purpose. The saws were guarded at the top and front
of the edger, but back of the saws and below the arbor and

rear roller was an opening, about twelve inches wide, extending across the full width of the machine. In cleaning the chute an employee would shove a long stick into this opening and by its use clear away the refuse. This had to be done frequently as conditions required.

The respondent, Shea, had for some time been in charge of certain levers near the edgers, but not connected therewith. His evidence shows that the appellant's foreman, shortly before the accident, instructed him to clean the chute when clogged; that a wooden stick of one by two inches, about ten or twelve feet long, was provided for his use; that a few days prior to the accident, he broke the stick while using it; that he then realized its use was dangerous; that he immediately complained to the foreman and requested him to provide a long iron rod in place of the stick; that the foreman promised to do so, but requested the respondent to continue his work with the stick until an iron rod could be made; that relying upon the foreman's promise, respondent continued using the stick, exercising the utmost care; that within two days thereafter the stick broke causing respondent to lose his balance; that his fingers were thrown in contact with the unguarded saws; that his left arm was drawn under the machine, and so severely injured as to necessitate amputation about four inches below the shoulder.

Although it is insisted that the appellant was negligent in having failed to properly safeguard the saws at the back of the edger, we will only consider the respondent's contention that appellant's negligence also consisted in its failure to provide him with safe appliances for his work. He insists that the use of a wooden stick was hazardous, unsafe and dangerous. The work of cleaning the chute had been required of the respondent but a short time prior to the accident. He had previously seen other employees using the stick. He testified that, when he afterwards learned and appreciated the unnecessary hazard to which he was subjected by its use, he would not have continued the work but for his reliance upon

the foreman's promise to provide him with a safe appliance. He further testified that the foreman had repeatedly seen him and other employees using a stick, but interposed no objection. The foreman denied that the respondent asked him for an iron rod or that he promised one. An iron rod was provided immediately after the accident, either the same evening, or early the next morning. Appellant's president and manager testified that he, without request from any person, ordered this iron rod after the accident. The jury, in response to a special interrogatory, affirmatively found that the foreman did, prior to the accident, promise respondent to provide the iron rod.

It is elementary law that it is the duty of a master to provide his servant with reasonably safe machinery, tools, and appliances with which to perform the work required of him, and to also keep the same in reasonably safe condition. Whether the stick used met this requirement was a question of fact to be submitted to the jury. It is contended by the appellant that the respondent had just as much knowledge of the fact that the stick was a dangerous and unsafe appliance as had the master, and that the respondent therefore assumed the risk of all dangers which might result from its use. This would be true had the respondent continued its use without objection or complaint after he actually appreciated the danger, but he only did so for a reasonable time while relying on the promise of the master. After appellant's foreman had made this promise, it assumed all risk of dangers arising from respondent's careful use of the unsafe appliance during such reasonable time as might thereafter be necessary to provide the iron rod. In *Crooker v. Pacific Lounge & Mattress Co.*, 29 Wash. 30, 38, 69 Pac. 359, this court quoted with approval the following language from § 215 of Shearman & Redfield on Negligence:

"There is no longer any doubt that where a master has expressly promised to repair a defect, the servant does not assume the risk of an injury caused thereby within such a

period of time after the promise as would be reasonably allowed for its performance, or indeed, within any period which would not preclude all reasonable expectation that the promise might be kept. And the same principle applies to a case where the master promises to a servant to discharge an incompetent fellow servant, but fails to do so, and the former servant is thereby injured, or where a servant, apprehending a particular danger, makes it known to the master, who assures him that he will provide against it. Nor, indeed, is any express promise or assurance from the master necessary. It is sufficient, if the servant may reasonably infer that the matter will be attended to."

This doctrine must be applied to the facts before us, and it was the province of the jury to determine whether the respondent continued work for an unreasonable time after the promise was made.

The appellant, however, strenuously urges that the respondent is not entitled to recover, as he was guilty of contributory negligence in the following particulars: (1) In using a stick one by two inches in size, or a stick of any inadequate size, when he realized that it was apt to break and knew, as shown by the evidence, that pieces of suitable dimensions were readily available; (2) in doing his work in such a manner as to cause the stick to break, and throw his hand against the saw; and (3) in attempting to clean the chute, without first having the edger stopped, or the saws moved out of the way.

As to the first contention, there is evidence that respondent used a stick which was kept near the edger for that purpose. There is no affirmative showing that one of any other dimensions was suitable or could have been used. In the absence of some positive evidence that a larger stick could have been used, negligence arising from its nonuse will not be presumed. As to the second contention, respondent's evidence shows that he exercised the utmost caution in using the stick after the foreman's promise had been made, and there is no evidence in the record which would justify us in holding him negligent as a matter of law in this regard. The question as to whether

his manner of using the stick, after the foreman's promise, was careful or reckless was one of fact for the jury.

The appellant's main contention seems to be that the respondent should have caused the edger to be stopped or the saws to be moved before he attempted to clean the chute. It insists there were two ways in which the work could have been done, the one safe by stopping the edger or moving the saws, and the other unsafe by not stopping the edger or moving the saws; and that as the respondent chose the latter method he cannot recover. In support of this contention appellant cites, *Hoffman v. American Foundry Co.*, 18 Wash. 287, 51 Pac. 385; *Johnson v. Anderson & Middleton Lumber Co.*, 31 Wash. 554, 72 Pac. 107; *Beltz v. American Mill Co.*, 37 Wash. 399, 79 Pac. 981; *Hunter v. Washington Pipe etc. Co.*, 43 Wash. 167, 86 Pac. 171; *Laidley v. Musser Lumber etc. Co.*, 45 Wash. 239, 88 Pac. 124. We do not regard any of these cases as applicable to the peculiar facts before us. In all of them, except the *Hoffman* and *Hunter* cases, the injured plaintiffs had control of the machinery, with the right and power to stop it. In none of the cases cited, except the *Johnson* case, does it appear that any promise had been made similar to the one made to the respondent. In the *Johnson* case, although the foreman had promised to fix the electric light, the plaintiff who had charge of the edger, with power to stop it, was shown to have been guilty of conduct which constituted contributory negligence, as a matter of law, notwithstanding the promise made. The master's promise to provide safe appliances will not justify willful recklessness on the part of the servant. He must exercise reasonable caution while relying upon the promise and awaiting its fulfillment. The evidence here shows that the edger and saws were in the exclusive control of the edgerman, that they were not in the control of the respondent, and that it required three men to stop the edger. The evidence further indicates that the custom in appellant's mill was to clean the chute while the edger was running. It is not shown that the machinery was

ever stopped, or that the saws were moved by respondent or any other employee, at any time in the history of the mill for the purpose of cleaning the chute. The fact that a long stick was provided indicates that it was to be used while the machinery was in motion. The foreman saw and permitted respondent to use the stick without stopping the edger or changing the saws, and even after the accident an iron bar was provided, showing that the appellant still intended to permit the cleaning of the chute without stopping the edger or moving the saws. The evidence discloses no rule of the mill for doing the work in any other manner. These facts clearly distinguish this case from those cited by the appellant. Courts do not hold plaintiffs guilty of contributory negligence, as a matter of law, unless the circumstances are such that reasonable men may not differ as to the existence of such contributory negligence. The question of the existence or nonexistence of contributory negligence upon the part of the respondent was, under the evidence before us, an issue of fact to be submitted to the jury.

The appellant further contends that the damages awarded are excessive. The respondent, a young man, twenty-seven years of age, in good health, lost his left arm. We cannot hold that for such an injury the damages were excessive.

The judgment is affirmed.

HADLEY, C. J., FULLERTON, RUDKIN, MOUNT, and DUNBAR, JJ., concur.