[No. 7652.   Decided January 4, 1909.]

ISAM COOK, *Respondent*, v. PITTOCK & LEADBETTER LUMBER COMPANY, *Appellant*.[1]

MASTER AND SERVANT—ASSUMPTION OF RISKS—PROMISE TO REPAIR —DEFINITENESS. A promise by a foreman to repair a chute as soon as he could do so, is sufficiently definite to relieve a servant in a mill from the assumption of risk.

SAME—REASONABLE TIME FOR REPAIRS—QUESTIONS FOR JURY. Whether ten days was an unreasonable period for a servant to rely upon a promise to repair a chute, involving danger when occasionally cleaned out, is a question for the jury, where the repairs were in progress at the time of the accident and it was not shown when they were commenced.

MASTER AND SERVANT—INJURY TO SERVANT—DEFECTIVE MACHINERY —EVIDENCE—ADMISSIBILITY. In an action for injuries sustained while cleaning out a defective chute for carrying away waste, requiring close proximity to the saws, it is not error to receive evidence of unguarded gears at another place, introduced for the purpose of showing that the chute could not be safely cleaned from that place, no recovery being sought on account of the unguarded gears.

SAME. In an action for injuries sustained by a servant while performing an act alleged and testified by him to be his duty to perform, it is not reversible error to admit evidence of whose duty it was before plaintiff went to work there.

SAME—TRIAL—INSTRUCTIONS—COMMENT ON EVIDENCE. It is not error to refuse requested instructions to the effect that a servant admitted that he knew and appreciated the dangers from working around an edger, where there was no such admission in the pleadings, as the court had no right to comment on the evidence.

Appeal from a judgment of the superior court for Clarke county, McCredie, J., entered March 21, 1908, upon the

[1]Reported in 98 Pac. 1130.

verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee in a mill.   Affirmed.

*A. L. Miller* and *R. W. Wilbur*, for appellant.
*McMaster & Back*, for respondent.

HADLEY, C. J.—This is an action to recover damages for personal injuries received by the plaintiff while, as employee of the defendant, he was at work at a gang edger in the defendant's lumber mill. The gang edger consisted of several saws operated upon a shaft or arbor. For the purpose of feeding lumber to the saws and conducting it away after being sawed, there were sets of iron rollers, operated by power both to the front and back of the saws. Underneath the saws was a chute for the purpose of conveying away the sawdust, splinters, and refuse from the saws. It is alleged, that the defendant negligently so constructed the chute that it was of insufficient size to properly convey away the refuse; that it maintained the chute of a size so small and crooked and so obstructed by beams and otherwise that, in the operation of the edger, the chute became clogged and filled with refuse; that the defendant failed to provide any proper or adequate means for stopping the edger for the purpose of cleaning the chute, and failed to provide any means for cleaning it except while the edger was in motion; that defendant required the operatives of the edger to clean the chute by means of a stick or pole while the edger was in operation, which means, because of the proximity of the saws, was dangerous.

The plaintiff was put to work at this edger, and he alleged that, after working there for a short time, he called the attention of the defendant's foreman to the defective condition of the chute, and the danger of cleaning it while the edger was running; that the foreman thereupon promised the plaintiff that the chute would be changed so as to obviate the

necessity of cleaning it while the edger was in motion, and requested the plaintiff to remain at work in operating the edger and cleaning out the chute and until the change could be effected; that thereupon the plaintiff, believing and relying upon the promise, agreed to and did continue at work, and continued to clean out the chute as before; that while the defective and dangerous condition remained unchanged, and while the plaintiff was so employed, the chute became choked so that it became necessary for the plaintiff to clean it by use of a stick or pole while the edger was in motion; that while he was so employed in poking and prying the refuse, the stick became caught in one of the saws, the plaintiff's right hand was thereby thrown into the saws and three of his fingers were cut off and the hand seriously and permanently injured. The defense was that the plaintiff assumed the risk of the dangerous situation, and that he was also guilty of contributory negligence. The cause was tried before a jury, and resulted in a verdict for the plaintiff in the sum of $3,000. Judgment was entered for the amount of the verdict, and the defendant has appealed.

The first assignment of error is that the court denied appellant's motion for nonsuit at the close of the testimony, submitted by respondent. In this connection the second assignment may also be considered, which is that it was error to deny appellant's motion to take the case from the jury at the close of all the testimony, and also the motion to instruct the jury to return a verdict for the appellant.

The testimony of respondent, in substantial effect, supported the averments of the complaint as we have outlined them above. From this testimony it appears that frequently some one would go upon the floor below, and by the use of a stick would push upwards into the chute, thereby releasing the accumulated refuse, but that this process would not release the whole of it by reason of a beam near the center which crossed it in such a manner as to leave but a small passageway for the refuse. It was shown that, to meet this

difficulty, the practice of thrusting a stick down into the chute from the floor above was followed. At the time of the respondent's injury, he requested another to go below to clean out there as far as it could be done, and it was while respondent undertook to finish the cleaning from above in the manner we have indicated that he received his injury. He had been instructed that the mill should not be stopped for the purpose of cleaning the chute, and there was, as he believed, no other way of doing it than that which he followed, considering the conditions as they existed. His testimony was to the effect that he complained at least twice of the danger of the situation, and of the necessity for a change, the last time about ten days before the accident, at which time the foreman promised that he would change it as soon as he could. The foreman did not admit that he made the promise, but he did not deny making it.

It is contended that the promise was too indefinite as to time to relieve respondent of the assumption of the risk, and to place the risk upon the appellant. We think the promise was as definite as it could well have been made unless it had been a promise to shut down the mill immediately and make the change. The promise in effect was to make the change as soon as it could be effected in the course of affairs while the mill was in operation. The testimony showed that the work of making the change was actually in progress when the accident happened, and it was not shown when the work was commenced. It is contended that the time which elapsed after the promise was an unreasonable period, and that the respondent could not continue to rely upon the promise and be relieved of assuming the risk for so long a period. It was for the jury to say whether the time was reasonable under all the circumstances. The doctrine is well established in this state, that a servant may rely upon such a promise for a reasonable time without assuming the risk, provided he continues to exercise ordinary care

commensurate with the danger of his surroundings. In *Crooker v. Pacific Lounge & Mattress Co.,* 29 Wash. 30, 69 Pac. 359, this court quoted approvingly the following from Shearman & Redfield on the Law of Negligence, § 215:

"There is no longer any doubt that where a master has expressly promised to repair a defect, the servant does not assume the risk of an injury caused thereby within such a period of time after the promise as would be reasonably allowed for its performance, or indeed, within any period which would not preclude all reasonable expectation that the promise might be kept."

It was held in that case that the question of a reasonable time was for the jury, and the same was also held in *Shea v. Seattle Lumber Co.,* 47 Wash. 70, 91 Pac. 623. To the same point see also the following authorities: Thompson, Com. Law of Negligence, § 4668; 1 Labatt, Master & Servant, § 429; *Manufacturing Co. v. Morrissey,* 40 Ohio St. 148, 48 Am. Rep. 669; *Belair v. Chicago etc. R. Co.,* 43 Iowa 662; *Ferriss v. Berlin Machine Works,* 90 Wis. 541, 63 N. W. 234. The question of contributory negligence, under the showing in the record, was also for the jury, and the court did not err in submitting the cause to the jury.

Objection was made by appellant to the following question: "At the time this accident occurred, were those gears at the other end of the rollers at the tail end of the edger broken in any way?" The court overruled the objection. It is urged that this was error, for the reason that the pleadings raised no issue relative to the protection of any gears at the end of the rollers. Respondent's counsel stated at the time that the purpose of the question was to show the exposed condition of the gear at the other end of the rollers in order that it might be seen that respondent could not with safety operate from that end of the machine, and that it made it impossible for him to clean out the chute with a long stick, as appellant's counsel indicated he might have done.

We think the question was not an improper one, having in view its avowed purpose to show merely the surroundings. No claim was made before the jury for recovery by reason of unguarded gearing. Other objections to questions concerning the gearing were, also, properly overruled for the same reasons.

Objection was made to the following question: "Whose duty was it, prior to your going to work there, if you know?" (Referring to the persons whose duty it had been to clean out the chute prior to this injury.) The objection was overruled. We are unable to see any prejudicial error in this, in view of the fact that respondent alleged in his complaint that it was his duty to clean out the chute, and he also testified to the same thing. That fact became an issue in the case. While the question may have called for immaterial testimony, inasmuch as the real issue related to what was respondent's duty at the time, yet we do not see in it any reversible error. The same observations are applicable to other assignments of error concerning similar questions.

Error is assigned upon the refusal to give the following instruction:

"It is admitted by the plaintiff in this case that he was a man who knew and appreciated and understood the ordinary dangers of working around the edger, and this edger that he was running at the time of the injury, and it is admitted that he knew of the dangers about which he complains in this action; in other words, the plaintiff admits that he knew of the dangers of working around this particular machine on which he was injured."

No such admission was made in the pleadings, and the court had no right to comment upon the facts in evidence as the requested instruction would have required. What we have said with reference to the above requested instruction applies to other refusals also assigned as error. Some errors are assigned upon the instructions which were given, but we

21—51 WASH.

think the entire charge, taken as a whole, fairly stated the law, and that no prejudice resulted therefrom.

The judgment is affirmed.

FULLERTON, CROW, MOUNT, and DUNBAR, JJ., concur.

RUDKIN and CHADWICK, JJ., took no part.