### BREWSTER v. BARKER.

(Supreme Court, Appellate Division, Fourth Department.   January 6, 1909.)

1. MUNICIPAL CORPORATIONS (§ 705*) — USE OF STREET — ACTS CONSTITUTING NEGLIGENCE—RUNNING AUTOMOBILE.

    It is negligence for a person in charge of an automobile to run it along the street past a street car, that has stopped to allow persons to get off and on, at the rate of six or seven miles an hour.

    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 705.*]

2. MUNICIPAL CORPORATIONS (§ 706*) — USE OF STREET — QUESTION FOR JURY— RUNNING AUTOMOBILE.

    Whether defendant was running his automobile negligently, where the evidence as to whether he was running fast or slow is conflicting, is for the jury.

    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

3. MUNICIPAL CORPORATIONS (§ 705*)—USE OF STREET—CONTRIBUTORY NEGLIGENCE.

    A passenger on a street car is not guilty of contributory negligence if he alights from the car after it has stopped to allow passengers to alight; and if he follows other passengers out of the car, and onto the sidewalk, without looking to the right or left to see whether an automobile is approaching, as when a car stops and it is announced that passengers are

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to alight, a passenger may assume that it is safe for him to alight in the ordinary manner.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 705.*]

4. MUNICIPAL CORPORATIONS (§ 705*)—USE OF STREET—INJURIES FROM NEGLIGENT USE.

A pedestrian and driver of a vehicle must each be careful in the exercise of his rights upon the streets, and the owner or driver of the vehicle must exercise the greatest care and vigilance not to injure the pedestrian, and the pedestrian is bound to not place himself where an injury will probably result to him.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1515; Dec. Dig. § 705.*]

Spring and Williams, JJ., dissenting.

Appeal from Monroe County Court.

Action by Arthur A. W. Brewster against Hiram L. Barker, Jr. From a judgment of the County Court reversing a judgment in favor of plaintiff in the Rochester Municipal Court, plaintiff appeals. Reversed, and judgment of the Municipal Court affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Isaac M. Brickner, for appellant.
W. Henry Davis, for respondent.

McLENNAN, P. J. At about 7:30 o'clock on the evening of September 17, 1907, the plaintiff was a passenger on a street car going north on South avenue, in the city of Rochester, which intersects the Main street car line in said city. Before reaching the Main street line, the South avenue car came to a full stop for the purpose of permitting passengers to alight and to take on others. The passengers who were to leave the car were directed by the motorman or conductor to do so by passing out of the door at the front end of the car. The place where the South avenue car stopped was its regular stopping place, and passengers customarily alighted from the front end of such car, all of which was known to the defendant. While the plaintiff was in the act of alighting from the car in question, and, as he testifies, just as he stepped from the car to the pavement, he was struck by defendant's automobile, which was also approaching Main street from the south, the automobile going alongside of the car upon which the plaintiff was a passenger. The plaintiff, as he testifies, was knocked down and sustained the injuries for which he complains.

There is evidence tending to show that at the time of the collision the defendant's automobile was being driven at a rate of speed of six or seven miles per hour, and this, notwithstanding the defendant, as he admits, knew that the passengers were accustomed to leave the car at such place, and that others were accustomed to board such car. The plaintiff also testifies that as he alighted from the car several other passengers were in front of him, and that he followed them as closely as possible in alighting. He states, or the evidence offered by him is to the effect, that, as he went down the steps on the car

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to alight, his view, looking to the other end of the car and in the direction from which the automobile came, was obstructed because of the bulge or overhanging body of the car. The plaintiff, in his version of the manner in which the accident occurred, is corroborated by the motorman, at least, and to some extent by other witnesses, all of whom, so far as appears, are wholly disinterested.

It seems to me that if the plaintiff's version of the transaction, and of the witnesses called by him, is true, the defendant was guilty of negligence as matter of law. It cannot be possible that the owner or driver of an automobile may pass a car from which he knows passengers are alighting and others are being received, stepping from such car onto the street, in the ordinary way, and going upon the car from such street, and attempt to pass them all, going at the rate of six or seven miles an hour, without being guilty of negligence. We think it is no answer to the proposition to say that the automobile owner or driver has a right to rely upon the supposition that the passenger alighting from such car will see to it, before he steps upon the ground or pavement, that such automobile is not in such proximity as to run him down. In this case, the defendant and other witnesses called by him gave evidence to the effect that the automobile was not running at the rate of speed testified to by the plaintiff and his witnesses, but that rather it was going very slow, simply creeping along. If that be the fact, then why did not the automobile stop and avoid injuring the plaintiff? But, at all events, those questions were for the jury, and they were solved, as it seems to me, upon such evidence as abundantly justified such jury in determining that the defendant was guilty of negligence, which caused the injury to the plaintiff, for which he complains.

The reversal of the judgment, however, seems to have been based principally upon the theory that the plaintiff had not shown himself to be free from contributory negligence. The plaintiff did say that just as he stepped upon the ground from the car he did not look to the right or to the left to see if an automobile or other vehicle was approaching; that he looked straight ahead in the direction where he was going, to wit, the other side of the street. His evidence indicates that he did just what any other intelligent man, in the exercise of ordinary care and prudence, would have done under the circumstances. He wanted to cross the street to reach the other sidewalk, and he looked straight ahead, following other passengers, as he says, who alighted from the same car upon which he had been riding. Is he chargeable with negligence because he did not observe that an automobile going at the rate of six or seven miles an hour was coming along the side of the car upon which he had been riding, and in such close proximity as to strike him practically the moment that his feet touched the pavement? When a car stops and it is announced that passengers are to alight, we think the passenger has a right to assume that it is safe for him to so alight in the ordinary manner. Upon the evidence submitted to the jury in the Municipal Court, we think it entirely competent for them to have found that the plaintiff was not guilty of contributory negligence, and such as to prevent a

recovery in this case. Indeed, we think any other finding would have been contrary to the evidence.

Many cases might be cited indicating the respective duties of a pedestrian and driver of a vehicle in respect to their duties in the occupation or use of the streets of a city. Practically, such cases are all in harmony. The general rule, we think, is established that each must be careful and cautious in the exercise of his rights upon such streets, the owner or driver of a vehicle to see to it that he does not injure the pedestrian, where by the exercise of the greatest care and vigilance such injury can be avoided, and the pedestrian is required to see to it that he does not place himself in such situation so that injury will probably result to him. In the case at bar, it seems absurd to say that the defendant could have followed up this car (from which he knew passengers were alighting) at the rate of six or seven miles an hour, and, striking the passenger as he stepped from the car onto the pavement, be absolved from the charge of negligence. We think it equally absurd to say that a passenger alighting from a street car, who has been told to alight at a particular place, may be held to be guilty of negligence because, while following other passengers out of the car, in the ordinary way, he did not look to see whether some vehicle was approaching at the rate of six or seven miles an hour and in such close proximity to the car as to come in contact with him. It seems to me that the plaintiff was not required, in order to absolve himself from the charge of contributory negligence, to have waited upon the step under those conditions and look in both directions, and to have seen whether it was safe for him to place his foot upon the pavement, especially when we have in mind the fact, as he testifies, that his purpose was to get across the street, and he was looking directly in front of him to ascertain whether it was safe or not for him to make the attempt.

We conclude that the verdict rendered by the jury in the Municipal Court was abundantly supported by the evidence, that no errors were committed by the learned Municipal Court judge in the rejection or reception of evidence, and that the judgment appealed from should be reversed and the judgment of the Municipal Court affirmed, with costs.

Judgment of Monroe County Court reversed, and judgment of Municipal Court affirmed, with costs in this court and the County Court to the appellant. All concur, except SPRING and WILLIAMS, JJ., who dissent.