[No. 9803.  Department One.  June 18, 1912.]

EMIL HENDRICKSON, *Appellant*, v. SIMPSON LOGGING
COMPANY, *Respondent*.[1]

MASTER AND SERVANT—SAFE APPLIANCES—PROMISE—ASSUMPTION
OF RISKS—QUESTION FOR JURY. It is for the jury to determine
whether there was contributory negligence, and whether the servant
could rely on a promise, where it appears that the foreman in a
lumber camp promised to furnish the plaintiff, employed in sawing
trees, with an undercutter rigging for making undercuts, that the
appliance would have rendered his work safer, that he relied on the
promise, and was injured while attempting to cut up two logs as
directed, being unable to make the cut of the lower log first for want
of the rigging.

SAME—PROMISE—REASONABLE TIME—QUESTION FOR JURY. In
such a case, it is for the jury to say whether the lapse of three or
four days after the promise was a reasonable length of time in
which plaintiff might rely thereon.

SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. In such
a case, it is for the jury to say whether plaintiff was guilty of con-
tributory negligence in failing to block the log that rolled on him,
in failing to cut the log as marked, or in not adopting the proper
avenue for escape, where there was evidence that he blocked the
log, and considered it safely blocked, but some of the supports fell,
that he used his judgment in making the cut, and in endeavoring
to escape he was compelled to act hurriedly.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered June 5, 1911, upon granting a
nonsuit, dismissing an action for personal injuries sustained
by a logger.  Reversed.

*Frank E. Green* and *Brady & Rummens*, for appellant.

*Roberts, Battle, Hulbert & Tennant*, and *Charles F.
Munday*, for respondent.

CROW, J.—This action was commenced by Emil Hendrick-
son against Simpson Logging Company, a corporation, to
recover damages for personal injuries. From a nonsuit and
judgment of dismissal, the plaintiff has appealed.

[1]Reported in 124 Pac. 395.

The question presented for our consideration is whether the trial court erred in sustaining respondent's motion for a nonsuit. Appellant was employed as a bucker in respondent's logging camp. After trees have been felled, it is the duty of a bucker to saw them into logs. It frequently happens that trees fall across one another, forming what is known as a jackpot. A number of trees may fall in a single jackpot. One of the tools with which appellant claims a bucker should be provided is an undercutter rigging. When trees are in a jackpot, the proper method of procedure is to first cut the lower tree, and then the upper one. This lessens the liability of an upper log rolling or falling upon the workman while he is engaged in cutting the lower tree. The cut of the lower tree is ordinarily made by sawing it from the upper side; but when its position produces a strain which pinches the saw, it is sawed from the under side by what is known as an undercut. To make an undercut it is necessary to have some appliance to support the moving saw, which is then operated teeth upward. The appliance which appellant contends is ordinarily used is known as an undercutter rigging. Having no undercutter rigging, appellant requested respondent's foreman to provide one, complaining that his work in a jackpot of large trees without one was unsafe and dangerous. The foreman told appellant to proceed with his work, and promised that he would give him an undercutter as soon as one could be procured. Appellant did so, relying on this promise, and within three or four days was injured by a rolling log. These facts, and others hereinafter mentioned, appear from the evidence.

Appellant alleged that respondent promised to procure the undercutter for him; that, relying upon such promise, he proceeded with his work; that on or about September 19, 1910, while he was engaged in bucking a jackpot of large trees, and by reason of having no undercutter to use in sawing, a log rolled upon and against him, inflicting the in-

juries of which he complains. Respondent pleaded the defenses of assumption of risk and contributory negligence.

In deciding whether the nonsuit was properly granted, we must consider the evidence most favorably for appellant. It is elementary that a duty devolves upon the master to provide his servant with reasonably safe tools and appliances with which to perform his work. The evidence in this case shows that an undercutter rigging was a proper and safe appliance to be used in making the undercut; that in case of a jackpot, it lessened dangers to which a bucker would otherwise be subjected, in that it enabled him to make an undercut in a jackpot in which trees might be so situated that an undercut could not be safely made without such an appliance. The evidence further shows that appellant was injured in the following manner: He was working in a jackpot in which one large tree was lying across and resting upon another, and also upon other timbers, such as windfalls. The trees had been marked by a marker, who thus indicated points at which they were to be cut into logs. The bucker had the privilege of changing these cuts to other points, provided he produced logs of stipulated lengths, and would occasionally make such changes to facilitate his work. While appellant was working on the jackpot in question, respondent's foreman told him to complete the work of sawing both trees. Appellant first sawed the under tree, making all cuts except one which was marked near the point where the upper tree rested upon the lower one. Appellant could not change the cut from this mark because of a defect in the tree which would have made the log of forbidden length. He attempted this last cut on the lower tree by sawing from above, but his saw was pinched by pressure from the upper tree. For the want of an undercutter, he could not make an undercut. There was evidence that a bucker sometimes uses an axe handle or a piece of timber to support the saw, as a substitute for an undercutter; but appellant testified that he could not adopt such a substitute, as the tree was so close to another

log and so large that he could not place his axe handle in proper position; that he could not use any available timber, as it was too soft for a cut of that size; that an undercutter rigging, which he did not have, was the only appliance which would hold his saw in position; and that having no such appliance he abandoned the lower tree and proceeded to cut the upper one. The marker had indicated a cut on the upper tree just above the point where it rested on the lower one, but appellant using his judgment cut it at another point, making a longer log. He then tried to roll the upper log from the lower tree to further relieve the strain, but could not do so. Thereupon he blocked the upper log to prevent it from moving, and proceeded with the cut on the lower tree, which to some degree had then been relieved of the pressure of the upper tree. While thus engaged, the upper log unexpectedly rolled upon and injured him before he could make his escape.

Appellant insists that, with the promised undercutter, he could have made the last cut on the lower tree before cutting the upper one; that, had he done so, the upper tree would not have rolled, that he would not have been subjected to the added danger, and that he would not have been injured. On this evidence we conclude the cause was for the jury, and that the motion for a nonsuit should have been denied. It was for the jury to determine whether the promise was made, and whether appellant was guilty of contributory negligence sufficient to preclude a recovery.

Respondent contends that the evidence shows appellant knew of the danger incident to his employment and assumed the risk. This would be true if he had proceeded in his work without an undercutter rigging and without protest or objection, but he complained to the master, called attention to the extra hazard to which he was subjected, and requested that an undercutter be provided. Thereupon the master made the promise, and appellant, relying upon that promise, proceeded with his work. Under such circum-

stances, the master assumed the risk of appellant's careful use of the appliances he then had, during such reasonable time thereafter as might be needed to procure the promised undercutter. It was for the jury to determine whether a reasonable time had elapsed and whether appellant, while relying upon the promise, exercised due care in the performance of his work, and in using the tools and appliances he then had. *Crooker v. Pacific Lounge & Mattress Co.*, 29 Wash. 30, 69 Pac. 359; *Shea v. Seattle Lum. Co.*, 47 Wash. 70, 91 Pac. 623; *Cook v. Pittock & Leadbetter Lum. Co.*, 51 Wash. 316, 98 Pac. 1130; *Alkire v. Myers Lum. Co.*, 57 Wash. 300, 106 Pac. 915; *Myhra v. Chicago, Milwaukee & P. S. R. Co.*, 62 Wash. 1, 112 Pac. 939.

Respondent, however, contends that there are a number of devices ordinarily used by buckers when making an undercut; that the most usual is to drive an axe blade into the tree and rest the back of the saw upon the axe handle; that small wheels attached and adjusted to the axe handle are sometimes used, but that the axe handle itself is the most common device, and one which appellant then had and could have used. There is no contention that appellant had any of these appliances other than an axe handle. The evidence is sufficient to sustain a finding that, while an axe handle may ordinarily be used in undercutting logs from smaller trees, conditions in a jackpot frequently occur when it cannot be used in cutting large trees such as those upon which appellant was engaged. An undercutter rigging, such as appellant contends would then be necessary, was introduced in evidence, and is now before us as an exhibit. We need not describe it, but its construction and the evidence indicate that it could be used in the jackpot under conditions where an axe handle or other device would not be practicable.

Respondent contends that its failure to provide the undercutter was not the proximate cause of the accident, that the proximate cause was appellant's contributory negligence, and that appellant should be precluded from recovering because

of his negligence in the following particulars: (1) That he did not brace and block the upper log with sufficient safety to prevent it from rolling upon him; (2) that he did not cut the upper log as indicated by the marker; and (3) that when the log started to roll he did not select the proper avenue of escape. The evidence is that appellant did block the log; that he considered it well and safely blocked; that some of the supports fell while he was making the last cut on the lower tree; that the log then rolled and injured him; that in making the cut at a point not indicated by the marker, appellant used his judgment, thinking the upper log would then roll, and to a greater extent relieve the strain upon the lower tree; that it did not roll; that, finding he had made a mistake in judgment, he blocked it, as he believed safely and well; and that when he attempted an escape he was compelled to act hurriedly, and would have succeeded had he not been caught between a large stump and the rolling log. The evidence upon which respondent relied to sustain its defense of contributory negligence is not so clear, convincing, and undisputed that appellant should be held negligent as a matter of law. The issues involved were for the jury.

The judgment is reversed, and the cause remanded for a new trial.

Chadwick, Parker, and Gose, JJ., concur.