[No. 10656. Department Two. December 12, 1912.]

FRANK HILLEBRANT, *Appellant*, v. FRANK MANZ,
*Respondent*.[1]

MUNICIPAL CORPORATIONS—USE OF STREETS—VIOLATION OF LAW—
NEGLIGENCE. It is actionable negligence to drive an automobile on
a city street at a rate of speed exceeding the speed limit and ap-
proach a pedestrian near an intersecting street without sounding
an alarm, in violation of positive law.

SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. A pedes-
trian struck by an automobile when about to board a street car
waiting near a street intersection, is not guilty of contributory neg-
ligence, as a matter of law, where, before starting for the car, he
looked back and saw no automobile in the street, and walked toward
the street car without again turning to look back, in the absence of
any sound of a horn or other warning; other witnesses also tes-
tifying that the street was clear when he started for the car.

SAME—PROXIMATE CAUSE—CONTRIBUTORY NEGLIGENCE—LAST
CLEAR CHANCE. Failure to look back after leaving the curb, even
if contributory negligence, does not preclude a recovery where the
defendant, driving an automobile, could have seen the plaintiff and
avoided the accident if he had been running at a reasonable rate of
speed or sounded a horn.

Appeal from a judgment of the superior court for King
county, Gay, J., entered April 2, 1912, upon granting a non-
suit, dismissing an action for personal injuries sustained in
a collision with an automobile. Reversed.

*R. W. McClelland*, for appellant.

*John W. Roberts*, for respondent.

ELLIS, J.—This is an action to recover damages for per-
sonal injuries, suffered by the plaintiff by being struck by
the defendant with his automobile.

The negligence charged was, that the defendant negli-
gently ran his automobile at a rapid, dangerous, and unlaw-
ful rate of speed; that the automobile was without good and
proper brakes, steering gear, and horn, and that the defend-

[1]Reported in 128 Pac. 892.

ant negligently and carelessly, without sounding any horn or giving any other alarm, ran his automobile upon the defendant, inflicting the injuries complained of. The accident occurred in the city of Seattle, upon Westlake avenue near its intersection with Sixth street. In order to a proper understanding of the locality, we reproduce a plat with reference to which the witnesses testified and which is admitted by both sides as approximately correct.

The plaintiff testified that, at about two o'clock in the afternoon of September 8, 1911, he was standing on the curb of the sidewalk on the easterly side of Westlake avenue, at a point about twelve feet southerly from the northerly

rounded point of the triangular block bounded by Westlake avenue, Stewart street and Sixth street. He stood near a guy post supporting the suspension wire for the trolley cable of the electric street car line which occupies the middle of Westlake avenue. He had some bundles in his arms, and was waiting to take a north-bound car for his home in Ballard. This post bore the sign "Cars stop here," and marked the usual place of stopping to take on passengers when any were waiting there. He located this post at the point which we have designated with the letter A upon the plat. The distance in a straight line from the curb to the nearest rail of the car track is about twenty-one feet. When his car arrived from the south, it passed the post a short distance before slowing up and stopping at a point about opposite to or a little beyond the rounded apex of the triangle as shown upon the plat. Just as the car was stopping, he looked south on Westlake avenue and saw no automobile or other vehicle. The street was perfectly clear. He stepped into the street and started in a diagonal direction toward the car without looking back, which is the last thing he remembers. In taking his course from the guy post toward the car, his back was necessarily turned to the south. He heard no gong, horn, or sound from the automobile, nor did he receive any other warning of its approach.

The conductor of the street car testified that he was standing in the rear vestibule of his car when it approached a point opposite the post marked "Cars stop here;" that he saw the plaintiff standing on the curb near the post with some bundles in his arms; that he gave the usual signal of two bells to stop the car; that the car ran a short distance past the post, stopping at a point about as indicated upon the plat; that he saw the plaintiff start diagonally across the intervening space toward the car without turning or looking back; that the witness looked south along Westlake avenue and saw the defendant in his automobile approaching from the south at a very rapid rate; that when he first saw

the automobile it was a short distance north of the intersection of Stewart street and Westlake avenue, on the east side of the avenue, at a point which he indicated upon the plat and which we have designated by the letter B; that this point was about 75 or 80 feet from the place where the plaintiff was struck; that the automobile was running twenty-five or thirty miles an hour; that no horn was sounded or other warning given; that the plaintiff's back was toward the automobile; that as the automobile approached, it swerved slightly toward the curb; that the plaintiff had taken only two or three steps when the automobile struck him on the right side and back, carrying him or throwing him fifteen or twenty feet and knocking him senseless; that the automobile even then retained such speed that it skidded on into Sixth street, sliding and swinging around, finally stopping in Sixth street with the rear toward the street car; that the pavement was wet. This witness located the automobile when it finally came to a stop as we have indicated by the letter C upon the plat. He testified that the defendant apparently threw on the brakes so that the rear wheels of the automobile slid along the pavement, as shown by the marks of the wheels, for a distance of sixty feet or more before the plaintiff was struck.

Two other eyewitnesses of the accident, one of whom viewed it from the rear of the street car and the other from the sidewalk, testified to practically the same facts as did the conductor. All agreed that the automobile was running at least twenty-five miles an hour, and was still going very rapidly when it struck the plaintiff. All agreed that the defendant sounded no horn or gave other warning of his approach. This fact was also testified to by a woman who was on the rear of the street car waiting to get off. None of these witnesses testified to seeing the automobile until after it was a little distance north of Stewart street, at or near the point marked B upon the plat. None of the witnesses saw the plaintiff look south before starting for the street car.

The evidence on this point rests upon his own testimony, that he looked in that direction just before leaving the curb and saw no automobile. It seems to be admitted that Westlake avenue at the place in question was paved, and has a slight but uniform down grade toward the north, and that the pavement was wet.

An experienced chauffeur, called as an expert, testified that he had driven automobiles of various kinds, including the kind here involved; that he had experimented as to the distance within which an automobile could be stopped; that he was acquainted with Westlake avenue at the point here in question; that an automobile running at the rate of twenty-five miles an hour upon a wet pavement, slightly down grade, would run about one hundred feet after the brakes were applied before stopping. The evidence showed that it was about one hundred feet from the point where the automobile was first observed by any witness to the point where it finally came to a stop. The plaintiff also introduced in evidence Ordinance No. 24,597 of the city of Seattle. In section 13 is found the following:

"No person shall ride, drive or propel any automobile, autocycle, or other motor vehicle, without having attached thereto a bell, gong, or whistle, in good working order, and sufficient to give warning of the approach of said vehicle or machine, nor shall the driver thereof fail or neglect to sound such device as a warning upon approaching any other vehicle or pedestrian; or upon approaching any place where a person, or persons may be entering or leaving any street car, or other public conveyance, or upon approaching any street intersection, or before passing around a corner . . . ."

Section 17, as applied to the district here in question, prescribes a maximum lawful rate of speed of twelve miles an hour on paved streets. Section 30 is as follows:

"No person shall carelessly, heedlessly or negligently ride or drive any horse or other animal, or ride, or propel any automobile, or motor vehicle in, through, along, or over any public place so that such animal, or vehicle attached thereto,

or any such automobile, or auto vehicle, shall come in collision with any other animal or vehicle, or shall strike against any person."

From an order of nonsuit and a judgment dismissing the action, the plaintiff has appealed.

If the evidence introduced in behalf of the appellant was true, and it must be so assumed in passing upon the motion for nonsuit, the respondent was guilty of negligence in at least two of the particulars charged. He was running his automobile at about twice the maximum lawful rate of speed (Ordinance No. 24,579; Rem. & Bal. Code, § 5571). He sounded no horn or other alarm in approaching a pedestrian within twelve feet of an intersecting street, and who, as must have been manifest to any observer, was intending to board the street car at a usual stopping place. In both of these particulars he was acting in violation of positive law. This was in itself negligence. *Ballard v. Collins,* 63 Wash. 493, 115 Pac. 1050; *Engelker v. Seattle Elec. Co.,* 50 Wash. 196, 96 Pac. 1037; *Traver v. Spokane St. R. Co.,* 25 Wash. 225, 65 Pac. 284. Even in the absence of the violation of any speed limit as fixed by statute or ordinance, the question of respondent's negligence would still be one of reasonable care. It would still be for the jury to say whether he was guilty of a lack of such care in driving his automobile at the rate of twenty-five miles an hour upon the wet pavement of a city street, past a stopping street car, and within twenty feet of an intersecting street where pedestrians were likely to be encountered in getting on or off the car. It has been so held where an automobile was running at the time at the rate of only six or seven miles an hour. *Brewster v. Barker,* 129 App. Div. 724, 113 N. Y. Supp. 1026; *Thies v. Thomas,* 77 N. Y. Supp. 276; *Marsh v. Boyden,* 33 R. I. 519, 82 Atl. 393; Huddy, Automobiles, p. 142; Berry, Law of Automobiles, § 164. In any view of the case, the question of respondent's negligence was, under the evidence, one for the jury.

The trial court held that, even conceding that the respondent was guilty of negligence, the appellant was, as a matter of law, guilty of such contributory negligence as to preclude a recovery. This was error. In common with other courts, we have held that, in passing upon a motion for a nonsuit, the court must consider, not alone the literal statements of the witnesses, but every justifiable inference favorable to the party against whom the motion is directed. *Young v. Aloha Lumber Co.*, 63 Wash. 600, 116 Pac. 4; *Ladouceur v. Northern Pac. R. Co.*, 4 Wash. 38, 29 Pac. 942; *Hendrickson v. Simpson Logging Co.*, 69 Wash. 72, 124 Pac. 395.

The appellant testified that, just before stepping from the curb, he looked south along the avenue and saw no automobile. The inference thus raised, that the automobile was not then there, is not overcome by the fact that three other witnesses an instant later saw the automobile at a point on the avenue immediately north of its intersection with Stewart street. On the contrary, the coincidence, that no witness saw the automobile at any point on the avenue south of Stewart street, was a fact from which the jury would have the right to infer that it at that instant swung into the avenue from Stewart street. This inference would be justified by the speed of the automobile, which need not be diminished by the wide curve which it could describe in swinging in on Stewart street from the west, and by the appellant's statement that he looked before leaving the curb and saw no automobile. This inference harmonizes the testimony of all of the witnesses, and runs counter to no other fact in evidence. *Marsh v. Boyden, supra.*

Whether, after looking once and seeing a clear street, the appellant acted as a reasonably prudent man in proceeding from a point within twelve feet of the street intersection toward the street car which he was intent upon boarding, without again turning and looking south along the avenue, in the absence of any sound of horn or other warning,

was plainly a question for the jury. As said by the supreme court of Massachusetts, so holding in a case parallel with this in every essential particular:

"There is no imperative rule of law which has been called to our attention generally requiring a pedestrian when lawfully using the public ways to be continuously looking or listening to ascertain if autocars are approaching, under the penalty that upon failing to do so, if he is injured, his negligence must be conclusively presumed." *Hennessey v. Taylor*, 189 Mass. 583, 76 N. E. 224, 3 L. R. A. (N. S.) 345.

See, also, *Baker v. Close*, 204 N. Y. 92, 97 N. E. 501, 38 L. R. A. (N. S.) 487; *Dugan v. Lyon*, 41 Pa. Sup. Ct. 52; *Bouma v. Dubois*, 169 Mich. 422, 135 N. W. 322; *Diamond v. Cowles*, 174 Fed. 571; *Purtell v. Jordan*, 156 Mass. 573, 31 N. E. 652; *Lynch v. Fisk Rubber Co.*, 209 Mass. 16, 95 N. E. 400; *Richmond v. Tacoma R. & P. Co.*, 67 Wash. 444, 122 Pac. 351; *Morris v. Seattle, R. & S. R. Co.*, 66 Wash. 691, 120 Pac. 534.

We have so often held that a court will not be justified in taking from the jury the question of contributory negligence, unless the acts done are so palpably negligent as to preclude the possibility of difference of opinion concerning them, that citation of authority to the point seems unnecessary. Even granting that the appellant was negligent in failing to look to the south after leaving the curb, that fact cannot be held, as a matter of law, the proximate or efficient cause of the injury. The respondent had no absolute right of way upon the street. His right was certainly no greater than that of the appellant. Their rights and duties were reciprocal. Whether, notwithstanding any previous negligence of the appellant, the respondent could have seen the appellant and avoided the accident had he been running at a reasonable rate of speed or had he sounded a horn, was a question for the jury. Davids, The Law of Motor Vehicles, § 118; *Burvant v. Wolfe*, 126 La. 787, 52 South. 1025, 29

L. R. A. (N. S.) 677; *Morris v. Seattle, R. & S. R. Co.,* *supra; Mallett v. Seattle, R. & S. R. Co.,* 66 Wash. 251, 119 Pac. 743.

We cannot, without unwarrantably extending this opinion, review the many authorities cited by the respondent. They are all of them distinguishable from this case upon the facts.

The judgment is reversed, and the cause is remanded for further proceeding.

MOUNT, C. J., MORRIS, FULLERTON, and CHADWICK, JJ., concur.