[No. 11245. Department Two. January 5, 1914.]

EMIL HENDRICKSON, *Respondent,* v. SIMPSON LOGGING
COMPANY, *Appellant.*[1]

APPEAL—DECISION—LAW OF CASE. Where a judgment of non-suit was reversed on appeal, and on a new trial on substantially the same evidence, a verdict was rendered for the plaintiff, the judgment will be affirmed, where the only question involved was whether the evidence was sufficient to carry the case to the jury.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered November 22, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a logger. Affirmed.

*Ballinger, Battle, Hulbert & Shorts* and *Charles F. Munday,* for appellant.

*Frank E. Green* and *Brady & Rummens,* for respondent.

PARKER, J.—The plaintiff seeks recovery of damages for personal injuries which he alleges resulted to him from the negligence of the defendant. The cause was before us upon a former appeal, from a judgment of nonsuit in favor of the defendant, rendered by the superior court upon a former trial, at the close of the evidence introduced by the plaintiff. That judgment was reversed by this court, and the cause remanded for new trial. *Hendrickson v. Simpson Logging Co.,* 69 Wash. 72, 124 Pac. 395. A new trial in the superior court resulted in verdict and judgment in favor of the plaintiff, from which the defendant appeals to this court.

[1]Reported in 137 Pac. 444.

The only question presented to us by counsel for appellant is as to the sufficiency of the evidence to support the verdict and judgment, raised in the superior court by motion for instructed verdict at the close of the evidence, and by motions made thereafter for judgment notwithstanding the verdict, and, in the alternative, for new trial. Discussion of this question would be little else than a repetition of the views expressed and conclusion reached by us upon the former appeal. We are unable to see that the facts are materially different, so far as the evidence produced in behalf of respondent is concerned, from those shown upon the former trial, which we held were sufficient to carry the case to the jury; and the evidence produced in behalf of appellant upon the second trial does not call for any different decision, as a matter of law.

The judgment is affirmed.

CROW, C. J., MAIN, and FULLERTON, JJ., concur.