[No. 10354.    Department Two.    September 3, 1912.]

ROBERT TSCHIRLEY, *by His Guardian etc.*, *Respondent*, v.
E. V. LAMBERT, *Appellant*.

PAUL TSCHIRLEY *et al.*, *Respondents*, v. E. V. LAMBERT,
*Appellant*.[1]

HIGHWAYS—COLLISION—AUTOMOBILE AND BICYCLE—NEGLIGENCE—
CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.  The neg-
ligence of the driver of an automobile in colliding with the plaintiff
riding a bicycle, and the contributory negligence of the plaintiff, are
questions for the jury, where it appears that, after each had ob-
served the other, several hundred feet away, the plaintiff, without
watching, crossed the road ahead of the automobile approaching at
the rate of 15 or 20 miles an hour, and was clear of the roadway
when struck, and that, with plaintiff in full view, the automobile ap-
proached with undiminished speed without warning or signal and
left the road where it collided with the plaintiff, probably because
the driver "got rattled," and the collision would not have happened
if the automobile had kept its course in the road.  .

Appeal from judgments of the superior court for Spo-
kane county, Hinkle, J., entered November 11, 1911, upon
the verdict of a jury rendered in favor of the plaintiffs, in
consolidated actions for personal injuries sustained through
a collision with an automobile.  Affirmed.

*Graves, Kizer & Graves*, for appellant.
*Laughon & Lavin*, for respondents.

MORRIS, J.—These two actions were consolidated in the
lower court for the purpose of trial, and as they both grow
out of the same facts and present the same question on appeal

[1]Reported in 126 Pac. 80.

and are to be reviewed on the same statement of facts, they will be so treated here, although separate judgments have been entered, from which separate appeals have been taken.

Robert Tschirley is a minor, eighteen years of age. The other plaintiffs are his parents. The actions were brought to recover damages for injuries sustained by the minor plaintiff in a collision with appellant's automobile. No error is claimed upon the admission or rejection of testimony, or in the giving or refusal of instructions to the jury; the only error urged being the denial of appellant's motions for judgment notwithstanding the verdicts against him.

This presents but one question: Is the contributory negligence of the minor respondent so clearly established as to make it the duty of this court, as a matter of law, to set aside the verdicts? To which may be added the further inquiry, Is there sufficient evidence of the appellant's negligence to support the verdict? In addition to the general verdict, ten special interrogatories were presented to the jury, which, together with the record, establish this state of facts: The accident happened on Sunday evening, at about 6:30 o'clock, of May 29, 1910, at a place known as Vera, some distance east of Spokane. The highway is sixty feet wide, and is known as Sprague avenue. At a point on this avenue near where it is intersected by a lane or roadway, is a country store. At about the store, Sprague avenue divides into two roadways, one proceeding along the north line of the avenue, the other along the south line. Extending along the south roadway, and from ten to twelve feet from it, were loosely piled stones, the piles being about two feet high at the center and about two or three feet in width. Among these stones, telephone poles were erected at about the usual distance apart. Between these two traveled roadways, the ground was rough and uneven, so that travelers driving vehicles of any description would take one or the other of the roadways.

As the appellant, driving his automobile, approached the intersection of these two roadways from the east, driving at

from fifteen to twenty miles an hour, he observed and was observed by the minor plaintiff (whom we will hereafter refer to as respondent), who was watching some of his friends who were playing ball along the north roadway at about the point of the store, respondent being stationed some twenty feet west of the store. The automobile, when first seen by respondent, was about three hundred feet east of the store, and was observed by him as he mounted his bicycle to go after the ball, which had been batted in a southwesterly direction across the avenue and beyond the piled-up stones. Appellant, on arriving at the intersection of these two roadways, took the south roadway and continued along that roadway at undiminished speed until he collided with respondent, a distance of four hundred and forty-five feet from the point where he was first observed by respondent and one hundred and twenty-five feet west of the point where respondent first observed him.

A witness named Herboth, who is commended by both parties for his intelligent and manifestly impartial story of the accident and its surroundings, says he was in his house when he was attracted to the door by the noise of the automobile running over these loosely piled stones. The automobile, when he first saw it, was running on top of the piled stones at a point he estimates as fifty or sixty feet west of where the collision occurred. As he came to the point of collision, he could plainly see the tracks of both machines. The automobile tracks turned off from the beaten track and swerved to the south and west thirty or forty feet from the point of collision, ran up on top of the piled-up stones, and then turned again into the roadway. The front wheel of the bicycle, at the time of the collision, was within two feet of the stone pile and from six to eight feet south of the roadway, when the left front wheel of the automobile struck the rear wheel of the bicycle, dragging respondent beneath the auto we estimate a distance of about seventy-five feet. The witness says he stepped off the distance and found it twenty-four

or five steps at three feet to the step, the auto running one hundred and eighty steps or five hundred and forty feet before it came to a stop.

We think the foregoing is a correct and impartial statement of all the facts contributing to the accident. It seems to us they present only questions of fact. We cannot say, in the light of the verdict, that the appellant was not negligent in driving his car along the devious route as shown by its tracks, having at all times the respondent in plain view, and having ample time and distance in which to so drive his car as to avoid hitting the respondent. Nor can we say that, because the respondent did not look at the auto from the time when he first saw it until the collision took place, he was guilty of such contributory negligence as to preclude his recovery. He might have anticipated appellant would proceed along the north roadway, which would be the natural course in taking the right-hand track. Or he might have believed that, in case appellant took the south or left roadway towards which he was propelling his bicycle, the horn or other warning signal of danger would be given in time for him to protect himself. The boy was clear of the roadway at the time of the collision. No accident would have occurred had appellant kept on his course in the traveled way. That he did not do so is undoubtedly explainable by his own statement at the time, that he "got rattled." Assuming he did so, it is not such a case as contended by his counsel where one acting in a sudden and unexpected emergency makes a wrong move or does the wrong thing, which under certain circumstances might excuse what otherwise would be negligence. We cannot escape the conclusion that we have here only a plain question of fact, the answer to which, in the absence of error in its submission, must be found in the verdict of the jury.

Judgment affirmed.

Mount, Fullerton, Ellis, and Crow, JJ., concur.