[No. 10592. Department One. February 8, 1913.]

GEORGE LUDWIGS, *Respondent*, v. J. L. DUMAS, *Appellant*.[1]

MUNICIPAL CORPORATIONS — STREETS — USE — COLLISION BETWEEN AUTOMOBILE AND BICYCLE—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE— QUESTION FOR JURY. The negligence of the driver of an automobile, and the contributory negligence of plaintiff riding a bicycle, are ques-tions for the jury, where the plaintiff was on a crossing ordinarily used by pedestrians, going in an opposite direction from which he had come a moment before, in plain view and crossing the course of the automobile which was very near and making no noise, and ex-ceeding the city speed limit, so that neither party saw the other in time to avoid the accident.

SAME—AUTOMOBILES — VIOLATION OF SPEED LIMIT — ORDINANCE— CONSTRUCTION. A person riding a bicycle on a city street crossing is within the protection of a city ordinance fixing the speed limit for automobiles at four miles an hour over city crossings "when any person is upon the same."

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered January 10, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained through a collision with an automobile. Affirmed.

*Sharpstein & Sharpstein,* for appellant.

*T. P. & C. C. Gose,* for respondent.

MOUNT, J.—The plaintiff brought this action to recover damages on account of personal injuries sustained by rea-son of having been run over by defendant's automobile. The complaint alleged that the defendant was running his auto-mobile upon a street in the city of Walla Walla at a greater rate of speed than ten miles per hour, and that, while he was so running his automobile, he so carelessly and negli-gently operated the same that it struck the plaintiff with great force, knocked him down, and ran over him, etc. The defendant denied these allegations, and pleaded contributory

[1]Reported in 129 Pac. 903.

negligence of plaintiff. A jury trial resulted in a verdict and judgment in favor of the plaintiff for $1,250. The defendant has appealed.

He insists, (1) that the court erred in refusing to direct a verdict in favor of the defendant at the close of all of the evidence, and (2) in giving to the jury the following instruction:

"I instruct you that it is unlawful for any person to drive or operate an automobile in the city of Walla Walla over any crossing or crosswalk at a rate of speed faster than one mile in fifteen minutes; that is, at a rate of speed faster than four miles per hour when any person is upon the same."

The facts in the case show that, on the 8th day of July, 1911, the defendant was driving a new automobile south along Second street in the city of Walla Walla. This street was a paved street, running nearly north and south. The evidence is not clear whether he was driving upon the right or left side of the street; plaintiff's witnesses say that he was upon the left, while the defendant's witnesses say he was upon the right side of the street. He was driving at about ten miles per hour. He intended to turn into Newell street to his left. This street was an unimproved street; that is, it was not paved, but was commonly used by pedestrians upon the sidewalk on each side of the street, and by vehicles upon a well-beaten roadway about the center of the street. This street intersected Second avenue at right angles, running east and west. It was about forty-eight feet wide between the curbs of the pavement on Second street. The pavement upon Second street extended into Newell street to the property lines on each side of Second street, so that the pavement upon the entrance to Newell street from Second street was the same width of the parking strip and sidewalk on Second street.

When the defendant was driving in his automobile south along Second street toward Newell street, he saw the plaintiff riding a bicycle, also south about the middle of Second

street.   Plaintiff was one hundred or one hundred and fifty feet ahead of the defendant, both going in the same direction and both going at about the same rate of speed.   When the plaintiff came to Newell street, he at first intended to turn to his left along that street and ride his bicycle upon a path or sidewalk and go east upon the south side of that street; but he saw some persons upon the path or walk, and for that reason concluded to go upon the bicycle path along the north side of Newell street.   At that time he had passed the north line of Newell street upon Second street, and was about the center of that street, so that, in going to the north side, his bicycle described a semicircle, which brought him out of the line of Second street and upon the pavement between the curbs upon Newell street, going northerly upon the pavement where pedestrians crossed Newell street upon Second street.   At this time plaintiff says he glanced up Second street and saw no one approaching.   There was no one except plaintiff upon the crossing at that time.   The defendant, with his automobile, in the meantime came down Second street and turned into Newell street.   Neither party saw the other until it was too late to stop or avoid a collision.   Defendant swerved his machine to the left, but the right front wheel of the automobile struck the plaintiff's bicycle about the front wheel, threw the plaintiff to the ground, and ran over and injured him.   Before the defendant turned into Newell street, he shut off the power of his machine and slowed down some.   The lot upon the corner where the accident happened was an unimproved lot, and the automobile was making no noise and sounded no alarm.   The accident happened in the daytime.

The appellant contends that this case falls within the principle, and is controlled by, the following cases:   *Harder v. Matthews,* 67 Wash. 487, 121 Pac. 983; *Fluhart v. Seattle, Elec. Co.,* 65 Wash. 291, 118 Pac. 51; *Helliesen v. Seattle Elec. Co.,* 56 Wash. 278, 105 Pac. 458, and therefore that the trial court should have directed a verdict for the defend-

ant. We think this case is not controlled by those cases, because there the party injured went into the course of the approaching vehicle or car when he should have known that the vehicle was coming and could not be stopped in time to prevent an injury. In this case the plaintiff testified that he looked up the street in the direction from which he came and saw no vehicle. At that time the plaintiff's automobile must have been very near, probably to his left on the opposite side of the street. It was making no noise. The plaintiff was upon the crossing ordinarily used by pedestrians, going in an opposite direction from which he had come the moment before. He was in plain view of the defendant, and apparently crossing the course which defendant desired to take at that time. Whether he should have seen the defendant and avoided the automobile, or whether the defendant should have seen the plaintiff and avoided him, were, we think, questions for the jury. In the case of *Hillebrant v. Manz*, 71 Wash. 250, 128 Pac. 892, where we were considering the question of failure of the injured party to look for the automobile which struck him and where the trial court had granted defendant's motion for a nonsuit, we said:

"Even granting that the appellant was negligent in failing to look to the south after leaving the curb, that fact cannot be held, as a matter of law, the proximate or efficient cause of the injury. The respondent had no absolute right of way along the street. His right was certainly no greater than that of the appellant. Their rights and duties were reciprocal. Whether, notwithstanding any previous negligence of the appellant, the respondent could have seen the appellant and avoided the accident had he been running at a reasonable rate of speed, or had he sounded a horn, was a question for the jury."

In that case the parties were the reverse of this, but the facts upon this point are very similar, and we held that the case should have gone to the jury. We think the rule in that case controls this, and the court therefore did not err in submitting the question of negligence to the jury.

Appellant argues that the court erred in giving the instruction above quoted, because it is not applicable to the facts in this case. The instruction is substantially in the language of the ordinance of the city of Walla Walla. The appellant contends that the accident did not happen on the crossing or crosswalk, and that the phrase "when any person is upon the same," means when any person is using or crossing as a pedestrian, and does not apply to persons riding a vehicle over or across the same. The ordinance is general. It was intended to prevent automobiles from running in excess of four miles per hour over street crossings while other persons were upon such crossings. We think the evidence showed quite clearly that the plaintiff was upon the crossing. He may have been slightly off the line of the usual travel, but he was crossing the street at the crossing as he had a right to do. The fact that he was riding a bicycle, or was standing, or was in some other vehicle either standing or moving, would make no difference. He was upon or so near the crossing that he must be regarded as upon it, and it was therefore the duty of the driver of the automobile to slow down to the required speed, or at least to prevent his machine from running down some person who was there ahead of him, or who was likely to be endangered by the automobile. We think the instruction is applicable to the facts in the case. It was therefore not erroneous.

The judgment is affirmed.

Crow, C. J., Parker, and Fullerton, JJ., concur.