[No. 11917. Department Two. July 13, 1914.]

JAMES CAMPBELL FRANEY, *a minor, Respondent,* v. SEATTLE TAXICAB COMPANY, *Appellant.*[1]

MUNICIPAL CORPORATIONS—STREETS—COLLISION AT CROSSING—NEG-LIGENT DRIVING OF AUTOMOBILE. The driver of an automobile, who struck a pedestrian upon a city crossing, while exceeding the speed limit and without sounding any warning, in violation of a city ordinance, is guilty of negligence rendering him liable for the injuries sustained.

SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. Whether a boy, who got off the end of a wagon at a city crossing and proceeded to cross the street without looking for approaching automobiles, was guilty of contributory negligence, precluding a recovery for injuries sustained when struck by an automobile going at an excessive speed, is a question for the jury, where it appears that he was on the crossing where he had a right to be, and had gone some distance after getting off the wagon, so that he was in plain view of the automobile which was following the wagon, as he had a right to assume that the automobile would not exceed the speed limit and would pass him without running him down.

APPEAL—REVIEW—DISCRETION—NEW TRIAL. Where the trial court exercised its discretion in refusing a new trial on conflicting evidence, error cannot be assigned because it appears that the trial judge's opinion of the evidence differed from the opinion of the jury, in the absence of any abuse of discretion.

DAMAGES — PERSONAL INJURIES — MEDICAL ATTENTION — INSTRUCTIONS. In an action for personal injuries, the jury may consider the cost of medical attention, although there was no charge made by the doctor for services at the hospital, or that he had presented any bill or would do so, where the doctor testified that he treated

[1]Reported in 141 Pac. 890.

the plaintiff after he left the hospital, and, when asked about his bill, had stated that $500 would be a reasonable charge for the operation.

Appeal from a judgment of the superior court for King county, Humphries, J., entered July 30, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

*Brightman, Halverstadt & Tennant,* for appellant.

*Hughes, McMicken, Dovell & Ramsey,* for respondent.

MOUNT, J.—The plaintiff brought this action by his guardian *ad litem* to recover damages on account of being run down by an automobile in the city of Seattle. He alleged that the defendant was negligent in driving its car at an excessive rate of speed without giving any warning, in violation of an ordinance of the city of Seattle. The defendant denied negligence and alleged contributory negligence of the plaintiff. The case was tried to the court and a jury, and resulted in a verdict and judgment in favor of the plaintiff for $1,500. The defendant has appealed.

It appears from the evidence that the plaintiff was riding upon the rear end of a wagon which was being driven by an acquaintance. The wagon was traveling east up the grade on Jackson street just previous to his injury. Jackson street is a paved street running east and west. It intersects 14th avenue south, which runs in a northwesterly and southeasterly direction. There are double street car tracks on both of these streets. When the plaintiff arrived at the east line of 14th avenue south, upon the south side thereof, he alighted from the rear end of the wagon and started along the usual crossing for pedestrians, northwest across Jackson street. He had traveled but a few feet from the wagon where he had alighted when he was struck by the automobile, which was traveling down the grade westerly along Jackson street. In the accident, the plaintiff's

skull was fractured by the blow, and he was rendered unconscious.

The evidence offered in behalf of the plaintiff tended to show that the automobile was traveling at the rate of twenty-five miles an hour, about a block east of the accident. One witness testified that it was going at a terrific speed at the time of the accident. Another witness testified that, after the automobile struck the plaintiff, it continued running for half a block before it was stopped. The evidence on the part of the plaintiff also tends to show that he had traveled six feet or more upon the crossing after leaving the wagon from which he had alighted and before he was struck by the automobile. Also, that there were no warning signals given of the approach of the automobile. The plaintiff was going upon the usual way traveled by pedestrians in crossing from one side of Jackson street to the other along 14th avenue south. At the close of the plaintiff's evidence, the defendant moved the court for a directed verdict, on the ground that no negligence was shown, and that the plaintiff himself was negligent. This motion was denied, and error is based thereon.

An ordinance of the city of Seattle fixes the maximum speed of automobiles on city streets at twelve miles per hour; and requires drivers of automobiles to sound a warning when approaching any street intersection. It is apparent from the abstract of record brought here that the defendant's automobile was traveling at a greater rate of speed than twelve miles per hour. It was, therefore, guilty of negligence in driving upon this crossing at an excessive rate of speed without blowing the horn or sounding a warning.

It is argued by the appellant that this case is controlled by the rule in *Harder v. Matthews*, 67 Wash. 487, 121 Pac. 983, where the plaintiff walked from behind a wagon into the street without looking for approaching automobiles, and was injured. But in that case, Mrs. Harder was not at

the usual crossing, but was near the middle of the block; while in this case, the plaintiff was upon the usual crossing for pedestrians. And it was the duty of the driver of the automobile, especially when driving at an excessive rate of speed, to observe foot-men upon the usual crossing. It is true, the plaintiff but a moment before had alighted from the rear end of the wagon; and there was testimony on the part of the defendant showing that the plaintiff emerged from the rear end of the wagon immediately before he was struck. But the evidence on the part of the plaintiff shows that he had emerged several feet from the rear end of the wagon and was in sight of the driver of the automobile before it reached the crossing. It was the duty of the driver of the automobile, therefore, to avoid striking the plaintiff; and he clearly violated that duty in this case. The evidence shows that the plaintiff had crossed from the south side of the street to the middle of the street before he was struck. According to the plat introduced in evidence, he must have traveled fifteen feet or more from where he alighted from the wagon before he was struck by the automobile. We are satisfied the trial court properly denied the motion for a directed verdict and submitted the case to the jury.

It is argued that the plaintiff was guilty of contributory negligence in not looking for the automobile. But the evidence shows he was upon the crossing, where he had a right to be. If he had looked and seen the automobile coming, he had a right to assume that the driver would not violate the city ordinance in regard to speed, and at that point would be obliged to pass him without running him down. Whether the plaintiff was guilty of contributory negligence depended upon his surroundings at the time of the accident; and we think this was a question for the jury under all the facts.

The principal defense of the defendant was that the plaintiff ran against the automobile instead of it running against him. Upon motion for new trial, which the court denied, the court made the remark: "It looks to me like the boy ran

over the taxicab." But the court denied the motion for new trial. It is now argued that the court was satisfied the plaintiff was guilty of contributory negligence. The defendant relies upon the following cases: *Clark v. Great Northern R. Co.*, 37 Wash. 537, 79 Pac. 1108; *Cranford v. O'Shea*, 75 Wash. 33, 134 Pac. 486; *Brown v. Walla Walla*, 76 Wash. 670, 136 Pac. 1166. Those were cases where the trial court thought a new trial should be granted but that it had no power to grant a new trial. But we held otherwise, and said that the court should have exercised its judgment and granted a new trial; that it had authority so to do. The granting or refusing of a new trial, where there is conflicting evidence, is discretionary with the trial court. The mere fact that the judge's opinion differs from the opinion of the jury as expressed by the verdict, does not necessarily require him to grant a new trial. *Kincaid v. Walla Walla Valley Traction Co.*, 57 Wash. 334, 106 Pac. 918, 135 Am. St. 982. In this case, the trial court exercised its discretion and refused a new trial. This was not reversible error.

The court instructed the jury that, if they found for the plaintiff, "you are to award him such sum as you believe will fairly and reasonably compensate him for any injury you believe he has received. You will also include in your award any sum he has paid, or has become obligated to pay, on account of care or medical attention." It is argued by the defendant that, because the doctor who treated the plaintiff in the hospital made no charge for his services at the hospital, there was no evidence of any obligation to pay for medical care and attention. While the doctor who treated the plaintiff at the hospital testified that there was no charge for that service, he also testified that he treated the boy after he left the hospital. The doctor also stated he had been asked about his bill and said $500 would be a reasonable charge for the operation. It is true there was no evidence that the doctor had presented any bill, or that

he would do so. But there was clearly some evidence of the fact that the plaintiff was liable to the doctor for services. We think the instruction was not erroneous.

Upon the whole, the case was one entirely for the jury. No error was committed by the trial court, and the judgment is therefore affirmed.

CROW, C. J., PARKER, FULLERTON, and MORRIS, JJ., concur.