[No. 11938.   Department Two.   July 27, 1914.]

JOHN F. ANDERSON, *Respondent*, v. C. H. KINNEAR, *Appellant.*[1]

MUNICIPAL CORPORATIONS—STREETS — NEGLIGENT USE — COLLISION
WITH AUTOMOBILE—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIEN-
CY.   In an action for personal injuries sustained through a collision
with an automobile, driven at an excessive rate of speed and in
plain violation of law, the refusal of the court to grant a nonsuit
on the ground of the contributory negligence of the plaintiff was
warranted, where it appeared that the plaintiff, as soon as he saw
the defendant's automobile, shut off the power of his motorcycle and
entered upon the crossing at a slow rate of speed, and finally stopped
his motorcycle, but was nevertheless run down and injured.

TRIAL—INSTRUCTIONS—REQUESTS.   It is not error to refuse an in-
struction defining contributory negligence, where the same was, in
substance, given by the court in other instructions.

TRIAL—INSTRUCTIONS—COMMENT ON EVIDENCE.   An instruction
that an ordinance of a city limited the speed of automobiles on city
streets, except at street crossings, where the laws of the state fixed
the maximum rate of speed, and that if the defendant was found to
have violated the law in this respect the verdict should be for plain-
tiff, is not objectionable as a comment on the evidence in that the
ordinance limiting the rate of speed made no exception at street
crossings, since the ordinance must be construed in connection with
the state law.

SAME—ASSUMPTION AS TO FACTS.   An instruction is not faulty in
that it assumes that an automobile was traveling along a certain
street in the city of T., where there was no pleading or proof that
the collision occurred in such city, when it was assumed at the trial
that the street was in the city of T., the case was tried there, and
the jury was sent to view the place of the accident.

MUNICIPAL CORPORATIONS—USE OF STREETS—NEGLIGENCE PER SE.
It is negligence *per se* to drive an automobile on a city street at a
speed in excess of the rate fixed by a city ordinance and the state
law.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered November 19, 1913, upon the

[1]Reported in 141 Pac. 1151.

verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained in a collision with an automobile. Affirmed.

*Claassen & Williams*, for appellant.

*Govnor Teats, Leo Teats*, and *Ralph Teats*, for respondent.

Mount, J.—Plaintiff brought this action to recover for personal injuries alleged to have been sustained as the result of being run over by an automobile driven by the defendant. The case was tried to the court and a jury, and resulted in a verdict in the sum of $1,000 in favor of the plaintiff. After motions for a judgment notwithstanding the verdict and for a new trial were overruled, a judgment was entered upon the verdict for the amount thereof. The defendant has appealed.

He first argues that the court erred in denying his motion for a nonsuit upon the ground that the evidence showed that the plaintiff was guilty of contributory negligence. The facts, as disclosed by the plaintiff's evidence, and evidently as found by the jury, were that, on March 23, 1913, soon after noon, while the plaintiff was traveling west up the grade on 17th street, in the city of Tacoma, riding a motorcycle, just before he came to the intersection of 17th with "E" street, he saw the defendant traveling south on "E" street in his automobile. Plaintiff testified that the defendant was traveling at the rate of about twenty-four miles an hour; that the plaintiff, as soon as he saw the defendant's automobile, shut off the power of his motorcycle and entered upon the crossing of "E" street at the rate of two or three miles an hour; that, after going to about the center of the crossing, and seeing that the automobile was coming upon him, he stopped his motorcycle, but nevertheless was run down by the automobile, and injured. There was other evidence to the same effect.

It is plain that, if the appellant was traveling south on "E" street at the rate of more than twelve miles an hour, he was negligent, because the city ordinance introduced in evidence provides, in substance, that no person shall drive or operate an automobile on this street at a greater rate of speed than twelve miles an hour. The statute, Rem. & Bal. Code, § 2531 (P. C. 135 § 557), prohibits automobiles from driving over cross-walks or crossings or street intersections within the limits of any city or town, when any person is upon the same, at a rate of speed faster than one mile in fifteen minutes. The respondent in this action was upon the crossing when he was injured. According to the testimony, he had stopped at the time the automobile struck him. It was clearly negligence for the appellant to run upon this crossing at the rate of twelve miles per hour when the respondent was upon the crossing, and if the appellant ran upon the respondent at this rate of speed while the respondent was standing still, the appellant was clearly guilty of negligence and the respondent was entitled to recover. We are satisfied, therefore, that the court properly submitted this question to the jury, and did not err in denying the appellant's motion for a nonsuit. *Hillebrant v. Manz*, 71 Wash. 250, 128 Pac. 892; *Ludwigs v. Dumas*, 72 Wash. 68, 129 Pac. 903.

It is next argued that the court erred in refusing to give an instruction as follows:

"Contributory negligence is any negligence upon the part of the plaintiff that proximately or naturally contributed to the injury and if you find from the evidence that the plaintiff was guilty of any such negligence as above defined, your verdict must be for the defendant."

There was no error in refusing this instruction, because the court in substance gave the instruction, for the court said:

"If you find from the evidence that has been introduced that both the plaintiff and the defendant were guilty of neg-

ligence, that is, did not use the degree of care which an
ordinarily prudent person would use under the circumstances
and conditions in which they were situated, then and in that
event, your verdict should be for the defendant.

"A good guide to determine whether the plaintiff was
guilty of negligence contributing to the injury is; would
there have been no accident and no injury to the plaintiff
but for the negligence of the plaintiff. And, finally, did
plaintiff under all the circumstances of the case, exercise that
degree of care which an ordinarily prudent man would have
used under the same circumstances. If you find that the
plaintiff did not use such degree of care, then he cannot re-
cover in this action."

These instructions clearly define contributory negligence.

The appellant next argues that the court erred in giving
an instruction as follows:

"You are instructed that the ordinance of the city of Ta-
come limits the speed of automobiles and motor vehicles
along "E" street, as far south as the south side of south
17th street, at a rate of speed not to exceed 12 miles per
hour, except at street crossings, and the laws of the state of
Washington set the maximum rate of speed at which a ve-
hicle may proceed over street crossings, such as the crossing
at 17th and "E" streets, at four miles per hour when a per-
son is on the crossing; so if you find in this case that the de-
fendant was propelling his automobile southward along "E"
street at a rate in excess of 12 miles an hour, and in excess
of four miles per hour on the intersection of the two streets,
when there was another person on the crossing, then you will
find the defendant guilty of negligence, and if you find that
the defendant was exceeding the speed limit, as I have de-
fined above, and that that was the proximate cause of the
collision; and if you further find that the plaintiff was not
himself guilty of contributory negligence, then your verdict
shall be for the plaintiff."

It is first argued that this instruction is erroneous be-
cause it is a comment upon the evidence, because the ordinance
of the city of Tacoma which was introduced in evidence lim-
its the rate of speed to twelve miles per hour on this street

and does not make an exception at street crossings; but the
statute hereinbefore referred to makes the exception at street
crossings. It is plain that this instruction is not a comment
upon the fact; and it is also plain that the ordinance must be
construed in connection with the state law on the subject.

It is next argued that the instruction assumes a fact that
is neither pleaded nor proved, because it assumes that the
automobile was traveling along "E" street *in the city of Ta-
coma*. It is true there was no specific allegation in the com-
plaint that the collision occurred in the city of Tacoma, and
it is true there was no specific statement in the evidence that
it occurred in the city of Tacoma. But it was assumed at
the trial that 17th and "E" streets were in the city of Ta-
coma. The case was tried in the city of Tacoma; the jury
was sent to the place where the accident occurred. The
court no doubt had the right to take notice of the fact that
the accident occurred in the city of Tacoma. There was no
error, therefore, in assuming or instructing the jury that the
accident occurred in the city of Tacoma.

It is next argued that the instruction is erroneous for the
reason that it, in substance, instructed the jury that, if the
the appellant was propelling his automobile along "E" street
at a rate in excess of twelve miles per hour or four miles per
hour on the intersection of two streets, that then they should
find him guilty of negligence, and was in substance an in-
struction that a violation of the city ordinance and the
state law was negligence *per se*. We have so held in *Hille-
brant v. Manz* and *Ludwigs v. Dumas, supra.*

It is next argued that the court erred in denying the ap-
pellant's motion for judgment notwithstanding the verdict.
At the trial the appellant attempted to show that, instead
of the appellant running down the respondent, the respondent
with his motorcycle ran against the automobile of the ap-
pellant. This was purely a question for the jury, and the
court did not err in denying the motion.

It is lastly argued that the judgment is excessive. We are not satisfied that it is excessive.

We find no error in the record, and the judgment is therefore affirmed.

CROW, C. J., FULLERTON, MORRIS, and PARKER, JJ., concur.