[No. 14232.    Department Two.    January 10, 1918.]

John H. Redick et al., *Respondents*, v. Oscar L. Peterson et al., *Appellants*.[1]

Municipal Corporations—Use of Streets—Crossings—Contributory Negligence. It is not, as a matter of law, contributory negligence upon the part of a pedestrian, struck at a street crossing by a jitney, to fail to look a second time, after looking once along a street and in other necessary directions.

Same — Use of Streets — Trial—Findings—Contributory Negligence. A finding that plaintiff's injuries were due solely to the negligence of the driver of a jitney bus, negatives contributory negligence.

Damages—Personal Injuries—Evidence. In an action for damages from "extreme nervousness" as the result of an injury by a jitney bus, evidence of a fear of automobiles is admissible on the question of damages.

Costs—On Appeal—Inadvertence. Where judgment was entered against a party by inadvertence and the error might have been corrected below and no separate appearance was made, on appeal no costs will be allowed against such party.

Appeal from a judgment of the superior court for King county, Tallman, J., entered June 17, 1916, upon findings in favor of the plaintiffs, in an action for personal injuries sustained by a pedestrian struck by a jitney. Affirmed.

*Geo. McKay* and *Henry S. Noon*, for appellants.

*Myers & Johnstone*, for respondents.

Holcomb, J.—This action for personal injuries, alleged to have been caused to respondent Mrs. Redick by the negligent operation of a jitney owned and operated by appellant Oscar L. Peterson, after a trial by the court without a jury, resulted in findings and conclusions and a judgment for $250 in favor of respondents. The questions of the negligence of the jitney driver and the contributory negligence of Mrs.

[1]Reported in 169 Pac. 804.

Redick were in issue and resolved by the court, upon the facts shown, against appellants.

Mrs. Redick testified in effect that, on reaching the street intersection where the accident occurred, she stopped a second, looked down the street to the west and saw several automobiles in that direction in the middle of the block, looked then across and up the street and, seeing no vehicles to block her passage, without looking again to the west, started across the street upon the regular sidewalk crossing, and when about midway between the curb and the street car tracks and without any notice, warning, or alarm from appellant, coming upon her from the west, was struck and severely and painfully injured. There was testimony that the jitney was running at a speed of from eighteen to twenty miles per hour.

The question then is, is it contributory negligence for a pedestrian, after having looked once in a direction along a street for vehicles that might interfere with safe passage across the street at a regular street crossing and in other necessary directions along the street, to fail to look a second time in the first direction. We think not, as a matter of law. Cases to similar effect have been before us and so decided. *Franey v. Seattle Taxicab Co.*, 80 Wash. 396, 141 Pac. 890; *Chase v. Seattle Taxicab & Transfer Co.*, 78 Wash. 537, 139 Pac. 499; *Ludwigs v. Dumas*, 72 Wash. 68, 129 Pac. 903; *Hillebrant v. Manz*, 71 Wash. 250, 128 Pac. 892; *Birch v. Abercrombie*, 74 Wash. 486, 133 Pac. 1020, 135 Pac. 821, 50 L. R. A. (N. S.) 59; *Tschirley v. Lambert*, 70 Wash. 72, 126 Pac. 80; *Johnson v. Johnson*, 85 Wash. 18, 147 Pac. 649.

The *Johnson* case, *supra*, is almost completely parallel with the case before us. A very similar case, also, was that of *Hillebrant v. Manz*, *supra*. In those cases, under such circumstances, such precautions having been taken, it was held, as a matter of law, that contributory negligence on the part of the injured person could not be inferred. In such

case, the question of contributory negligence is a question for the jury or the trier of the facts. The trial court, having heard the evidence, resolved the facts in favor of the testimony of Mrs. Redick and her witnesses and against any contributory negligence on her part. The one case cited by appellants, *Jones v. Wiese*, 88 Wash. 356, 153 Pac. 330, is not apposite. There the injured person walked right out upon the street at a busy corner, without looking at all or paying any heed to his surroundings, and it was said that, in such a case, something must be done to insure safety; the pedestrian must take some precaution to guard against obvious danger.

The finding of the court that the injuries of respondent were caused wholly and solely by the carelessness and negligence of the appellant Peterson without which Mrs. Redick would not have been injured, is a finding negativing contributory negligence, and therefore, in effect, finds upon the question asserted by appellants not to have been passed upon by the trial court.

A contention is made by appellants that the court admitted in evidence improper evidence of damages, namely, a fear of automobiles. There was a trial amendment allowed by the court alleging extreme nervousness as a result of the injury complained of. The evidence of such particular nervousness, ensuing from the shock of her injury by the automobile, was proper evidence going to the question of damages.

The judgment against appellant Selma Peterson was unwarranted, and respondents here confess that no judgment should have been rendered against her. It is asserted, however, that she was included in the judgment only by inadvertence, and the record fails to show any objection on the part of appellants to the form of the judgment or that appellants called attention of respondents or the court to such error. Respondents ask that the name of defendant Selma Peterson be stricken from the judgment, and it is so ordered.

No costs will be recovered against her. As she made no separate appearance, all the costs on appeal are properly included in the costs of the other appellants.

In all other respects, the judgment is affirmed.

ELLIS, C. J., MOUNT, CHADWICK, and MORRIS, JJ., concur.