[No. 14954.  Department Two.  December 9, 1918.]·

A. J. WESTERVELT, *Respondent*, v. SAMUEL L. SCHWABACHER, *Appellant*.[1]

MUNICIPAL CORPORATIONS (391)—USE OF STREETS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. The contributory negligence of a pedestrian, struck by a backing automobile at a street crossing, in failing to look in the direction after the auto had passed him, is for the jury, where he was giving his attention to and waiting for another automobile which was passing between him and the defendant's automobile, and the time was short and circumstances such that plaintiff might be justified in assuming that it was not going to be backed over the line of the sidewalk.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered April 12, 1918, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

*Kerr & McCord* and *Stephen V. Carey*, for appellant.

*Roberts & Skeel*, for respondent.

PARKER, J.—The plaintiff, Westervelt, seeks recovery of damages for personal injuries which he claims to have suffered as the result of the action of the defendant, Schwabacher, in negligently backing his automobile and running over the appellant, at the intersection of Fourth avenue and Spring street, in Seattle. Trial in the superior court for King county, sitting with a jury, resulted in verdict and judgment in favor of the plaintiff, from which the defendant has appealed to this court, contending that the plaintiff should be denied recovery because of his contributory negligence, and that the case should have been so disposed of as a matter of law.

[1]Reported in 176 Pac. 545.

There seems but little room for controversy as to what occurred at the time and place where respondent was injured. For present purposes, we may assume that Fourth avenue runs north and south, and that Spring street runs east and west. They intersect at right angles in the business district of the city. At about 9:15 o'clock on the evening of June 28, 1917, respondent was walking north along the east sidewalk of Fourth avenue. When he had reached a point a few feet south of Spring street, appellant passed him, going north, driving a large seven-passenger automobile along the easterly side of the roadway on Fourth avenue. Respondent noticed appellant's automobile as it passed onto the intersection of Fourth avenue and Spring street and turned to the west as if to proceed west on Spring street. In turning, appellant kept to the east side of Fourth avenue and the north side of Spring street, apparently in obedience to the well known rule requiring drivers of automobiles to so turn their machines when turning to the left from one street onto a cross-street. Respondent, intending to proceed north along the east sidewalk of Fourth avenue across Spring street, gave no more thought or attention to the appellant's automobile, assuming that, in so far as his safety was concerned, there was no necessity for him so doing. When last noticed by respondent, appellant's automobile was near the center of Fourth avenue and moving west. Not seeing any other vehicle, either on Fourth avenue or to the west on Spring street coming in his direction, respondent proceeded across Spring street along the line of the east sidewalk of Fourth avenue, and seeing an automobile coming along Spring street from the east, stopped momentarily at some point between the curb of the sidewalk and the center of Spring street to let it pass. When it had passed him he immediately

proceeded on his way, and had taken but one or two steps .when he was struck, knocked down, and run over by appellant's automobile, which appellant was backing in an easterly, or possibly southeasterly, direction across the line of the east sidewalk of Fourth avenue on the intersection of the streets. The automobile which passed west along Spring street passed between respondent and appellant's automobile just before he was struck by appellant's automobile. This may account in some measure for respondent's not seeing appellant's automobile, while it was backing, in time to. avoid being injured. Respondent, we assume, did not look to the west in the direction of appellant's automobile after seeing it near the center of Fourth avenue moving west, but gave his attention wholly to the other automobile, assuming that it was unnecessary to pay any further attention to the possible approach of automobiles from the west, either upon Fourth avenue or along Spring street. From the time that respondent last saw appellant's automobile until he was actually struck and knocked down was a very short time.

It is contended in appellant's behalf that respondent was guilty of contributory negligence, and that it should be so decided as a matter of law, because of his failure to look to the west, or in the direction of appellant's automobile, just prior to being struck and run over. We cannot agree with this contention. We have seen that respondent did look and see appellant's automobile in such a situation that he might be justified in assuming that it was not going to be backed over the line of the sidewalk on which he was proceeding, a very short time before he was hurt, and that his attention was then directed to the other automobile coming from the east along Spring street. It seems quite

plain to us that this furnished a situation which called for the submission of the question of his contributory negligence to the jury. It is true that, had respondent waited, after the passing of the other automobile, and again looked to the west, he might have seen appellant's backing automobile in time to avoid being injured; but, under all the surrounding circumstances, the jury could well believe that his knowledge, acquired from his looking so short a time previously, warranted him in proceeding without looking again in that direction. The following, among other of our decisions, lend support to this conclusion: *Richmond v. Tacoma R. & Power Co.,* 67 Wash. 444, 122 Pac. 351; *Franey v. Seattle Taxicab Co.,* 80 Wash. 396, 141 Pac. 890; *Mickelson v. Fischer,* 81 Wash. 423, 142 Pac. 1160; *Redick v. Peterson,* 99 Wash. 368, 169 Pac. 804.

It is further contended that the award of the judgment was excessive in amount. A careful reading of the evidence convinces us that we would be wholly unwarranted in so deciding. We think this contention needs no further discussion.

The judgment is affirmed.

MAIN, C. J., FULLERTON, MOUNT, and HOLCOMB, JJ., concur.