[No. 29645.   Department Two.   October 25, 1945.]

EILEEN L. BALTUFF, *as Administratrix, Respondent,* v. CHARLES M. BOWEN, JR., *et al., Appellants.*[1]

*W. C. Hinman,* for appellants.

*Riddell & Riddell,* for respondent.

BLAKE, J.—This is an action for wrongful death.  Plaintiff is the widow of Louis Baltuff and the administratrix of his estate.  Baltuff, while walking along Sixteenth avenue southwest, in the city of Seattle, was struck and killed by an automobile driven by defendant Charles M. Bowen, Jr.

Both men were employed at Todd's dry dock on Florida street, in which Sixteenth avenue southwest ends.  The latter street extends in a northerly-southerly direction, the

[1] Reported in 162 P. (2d) 829.

former, easterly-westerly. The first street parallel to Florida is west Lander street—the distance between the two being thirteen hundred twenty feet. The accident occurred about four hundred feet south of east Florida street.

Sixteenth avenue is two hundred fifty feet wide. On the east side, a space approximately one hundred thirteen feet in width is set apart for parking of automobiles of employees. This is separated from the traveled portion of the street by a wooden barrier, through which there are openings for ingress and egress. To the west of, and next to, the barrier is a strip of paving twenty-four feet wide, devoted to north-bound vehicular traffic. To the west of the paving is an eighteen-inch dirt shoulder. To the west of that, the Northern Pacific Railway Company has a franchise and permit on a space fifty-seven feet wide for tracks and the operation of trains. In this space, there are four railroad tracks, which are below the level of the paved portions of the street. The rest of the street is unimproved except for a twenty-four-foot strip of paving used for south-bound vehicular traffic. There are no sidewalks nor crosswalks on the street between Florida and west Lander streets.

The employees of Todd's dry dock were, however, accustomed, after parking their cars, to use the dirt strip between the pavement on the east side of the street and the railroad tracks as a footpath in going to the dry dock. This path varied in width from eighteen inches to two and one-half feet. So, it would appear that, in some sectors, the footpath extended onto the railroad right of way.

From the evidence, the jury were warranted in believing that, between six-thirty and seven o'clock on the morning of December 23, 1943, Baltuff had parked his car in the space east of the pavement for north-bound traffic; that he crossed the pavement and proceeded north—walking along the footpath between the pavement and the railroad tracks; that, while he was so proceeding, the car driven by defendant Bowen swerved from the pavement onto the footpath and struck him.

The defendants, however, denied negligence and charged the deceased with contributory negligence. Under instructions which counsel for defendants characterized as "just exactly right," the jury resolved the issues in favor of plaintiff. From judgment entered on the verdict, defendants appeal.

Appellants' principal assignments of error are directed to the court's refusal to sustain their challenge to the sufficiency of the evidence and the denial of their motion for judgment notwithstanding the verdict.

They argue that the deceased was guilty of contributory negligence as a matter of law because he was walking with the traffic, contrary to the provisions of the Seattle traffic ordinance and Rem. Rev. Stat., Vol. 7A, § 6360-101 [P. P. C. § 295-53]. The statute and the ordinance are identical and provide:

"Pedestrians on any public highway where a sidewalk is provided shall proceed upon such sidewalk. Pedestrians on any public highway where no sidewalk is provided shall proceed on the extreme left-hand side of the roadway and upon meeting an oncoming vehicle shall step to their left and clear of the roadway."

Conceding that the deceased, in walking on the dirt shoulder in the same direction with vehicular traffic, was guilty of contributory negligence as a matter of law, we think the issue of proximate cause was still for the jury. For it might well have found, under the evidence, that the direction in which the deceased was walking was not a contributing factor to the collision; for, had he been walking in the opposite direction, he would have been struck just the same when appellants' car suddenly swerved from the pavement onto the footpath.

Appellants argue that the collision was an unavoidable accident; that Bowen was free from negligence. The argument is based upon the emergency with which Bowen was confronted and which prompted him to swerve onto the footpath. He was traveling near the westerly edge of the pavement. An overtaking car cut in so close in front of

him that he was compelled to swerve in order to avoid being hit.

Whether appellant Bowen was driving and acted as a reasonably prudent driver under the circumstances, however, was clearly a question for the jury. For, it is to be remembered, the use of the shoulder and the space between the pavement and the railroad track as a footpath by the employees at the dry dock was habitual and well known. Under the circumstances, the jury may well have found that ordinary care required that a driver maintain such control of his car that no conceivable emergency would necessitate his driving onto the footpath. See *Tschirley v. Lambert,* 70 Wash. 72, 126 Pac. 80; *Barcott v. Standring,* 163 Wash. 357, 1 P. (2d) 213.

Appellants also assign error in the court's denial of their motion for new trial. No error is specified in the admission of evidence nor in the instructions. So, the only question raised by the assignment is whether the court abused its discretion in denying the motion. Patently, it did not.

Judgment affirmed.

BEALS, C. J., JEFFERS, ROBINSON, and GRADY, JJ., concur.